FILED
CLERK, U.S. DISTRICT COURT

4/19/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KANDELARIA FLORES,<br>　aka "Kandielocs,"<br>　aka "Kandy," and<br>JESSICA GUERRERO,<br><br>　　　　Defendants. | CR No.  2:24-cr-00256-AB<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Fentanyl and Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi): Possession with Intent to Distribute Fentanyl; 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); Possession with Intent to Distribute Methamphetamine; 21 U.S.C. § 856(a)(1): Maintaining a Drug Involved Premises; 18 U.S.C. § 924(c)(1)(A)(i): Possessing a Firearm in Furtherance of Drug Trafficking Crimes; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 984, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　　The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

A.  OBJECTS OF THE CONSPIRACY

Beginning on a date unknown to the Grand Jury, but no later than June 7, 2021, and continuing until on or about June 22, 2023, in Los Angeles County, within the Central District of California, and elsewhere, defendants KANDELARIA FLORES, also known as ("aka") "Kandielocs," aka "Kandy," and JESSICA GUERRERO, conspired with each other and with others known and unknown to the Grand Jury: (1) to knowingly and intentionally distribute, and possess with intent to distribute, at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi); and (2) to knowingly and intentionally distribute, and possess with intent to distribute, at least five grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii).

B.  MANNER AND MEANS OF THE CONSPIRACY

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant FLORES would obtain drugs, including fentanyl and methamphetamine, from co-conspirators for further distribution.

2. Defendant FLORES would collect, package, and store drugs at a stash location.

3.   Defendant FLORES would supply drugs to defendant GUERRERO and other co-conspirators for further distribution, and defendant FLORES would sometimes "front," or give drugs on credit, to her co-conspirators.

4.   Defendants FLORES and GUERRERO would sell drugs obtained by defendant FLORES to drug customers.

C.   OVERT ACTS

On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants FLORES and GUERRERO, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On June 7, 2021, using coded language in a text message, a co-conspirator ("Co-conspirator 1") asked defendant FLORES to provide him with a daily supply of drugs for further distribution and asked defendant FLORES to share the name of the fentanyl defendant FLORES had previously supplied to Co-conspirator 1.

Overt Act No. 2:   On June 7, 2021, using coded language in a text message, defendant FLORES provided Co-conspirator 1 the name of the fentanyl defendant FLORES had previously supplied to Co-conspirator 1.

Overt Act No. 3:   On June 8, 2021, using coded language in a text message, Co-conspirator 1 requested additional methamphetamine and fentanyl from defendant FLORES: "So I'll need another half pound of clear.  And a bunch of zips so please be fully stocked and having purple would be extremely helpful.  Like AMG TURNED PURPLE WE WOULD SELL IT LIKEHOTCAKES."

Overt Act No. 4:   On June 17, 2021, using coded language in a text message, defendant FLORES informed Co-conspirator 1 that defendant FLORES could supply three different kinds of fentanyl.

Overt Act No. 5:   On June 13, 2021, in response to a request over text message and in coded language from a co-conspirator ("Co-conspirator 2") asking for methamphetamine, defendant FLORES texted Co-conspirator 2 the address of a meeting location in Los Angeles and confirmed, "So you want 90 of chris and a piece."

Overt Act No. 6:   On June 23, 2021, using coded language in multiple text messages, a co-conspirator ("Co-conspirator 3") offered to connect defendant FLORES with a new source of supply, and defendant FLORES asked to "try it first so I'll start with one."

Overt Act No. 7:   On March 1, 2022, using coded language in a text message, defendant FLORES told Co-conspirator 3 that defendant FLORES could supply Co-conspirator 3 with money and drugs to sell.

Overt Act No. 8:   On March 16, 2022, in response to a text message request from a co-conspirator ("Co-conspirator 4") to meet for a drug transaction, defendant FLORES provided an address in downtown Los Angeles.

Overt Act No. 9:   On March 17, 2022, using coded language in multiple text messages, Co-conspirator 4 told defendant FLORES that he had arrived at a location in downtown Los Angeles with $900 to buy drugs from defendant FLORES, and defendant FLORES confirmed she was on the way to meet Co-conspirator 4.

Overt Act No. 10:   On April 28, 2023, in a text message, Co-conspirator 4 told defendant FLORES that he had arrived at her backdoor and that he was there with defendant GUERRERO.

Overt Act No. 11:  On May 4, 2022, using coded language in a text message, defendant GUERRERO told defendant FLORES that Co-conspirator 4 had been arrested, but that defendant GUERRERO still wanted defendant FLORES to supply defendant GUERRERO fentanyl.

Overt Act No. 12:  On June 28, 2022, defendant GUERRERO asked defendant FLORES to "front" her drugs because she lost her wallet, but promised she would pay defendant FLORES back with more money than defendant GUERRERO usually paid for the drugs.

Overt Act No. 13:  On July 8, 2022, in response a co-conspirator ("Co-conspirator 5") who communicated over text messages and in coded language, who asked defendant FLORES to "front" Co-conspirator 5 with drugs "in bulk," so that Co-conspirator 5 could further distribute the drugs to additional customers, defendant FLORES asked if Co-conspirator 5 still owed defendant FLORES money from a prior drug deal.

Overt Act No. 14:  On August 29, 2022, using coded language in a text message, defendant FLORES told Co-conspirator 5 the new price she was charging for fentanyl.

Overt Act No. 15:  On May 17, 2023, in a text message using coded language, defendant GUERRERO asked defendant FLORES if defendant FLORES could provide defendant GUERRERO methamphetamine: "Can you do some clear too?"

Overt Act No. 16:  On May 23, 2023, in a text message using coded language, defendant FLORES told defendant GUERRERO that defendant FLORES may have accidentally given her more narcotics than defendant GUERRERO paid for: that she "f***** u* and gave you too much I gave you a hole," "you wanted a half right?"

<u>Overt Act No. 17</u>:  On June 9, 2023, using coded language in multiple text messages, defendant FLORES offered to sell drugs to a drug customer, who requested to purchase drugs pursuant to the "same deal" that the drug customer had previously purchased from defendant FLORES, namely, 1,000 fentanyl pills.

<u>Overt Act No. 18</u>:  On June 16, 2023, using coded language in multiple text messages, defendant GUERRERO asked defendant FLORES if they could meet so that defendant GUERRERO could purchase fentanyl from defendant FLORES.

<u>Overt Act No. 19</u>:  On June 16, 2023, defendant GUERRERO traveled to defendant FLORES's apartment, at 5600 Wilshire Boulevard, Unit 434, Los Angeles, California (the "Stash Location"), where defendant FLORES supplied fentanyl to defendant GUERRERO for further distribution.

<u>Overt Act No. 20</u>:  On June 16, 2023, defendant FLORES sent defendant GUERRERO a text message confirming that defendant FLORES had fronted defendant GUERRERO part of the cost of the drugs she had just supplied, and that defendant GUERRERO still "owe[d] 145."

<u>Overt Act No. 21</u>:  On June 22, 2023, inside the Stash Location, defendant FLORES possessed approximately 2,861.72 grams of fentanyl, approximately 8.61 grams of methamphetamine, a North American Arms .22 long caliber revolver, bearing serial number L260275, drug packaging materials, four digital scales, a pay/owe notebook, and approximately $5,358 in cash.

                          COUNT TWO

              [21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

                       [DEFENDANT FLORES]

On or about June 22, 2023, in Los Angeles County, within the Central District of California, defendant KANDELARIA FLORES, also known as ("aka") "Kandielocs," aka "Kandy," knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 2,861.72 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

## COUNT THREE
### [21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii)]
### [DEFENDANT FLORES]

On or about June 22, 2023, in Los Angeles County, within the Central District of California, defendant KANDELARIA FLORES, also known as ("aka") "Kandielocs," aka "Kandy," knowingly and intentionally possessed with intent to distribute at least five grams, that is, approximately 8.61 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. § 856(a)(1)]

[DEFENDANT FLORES]

Beginning on a date unknown, and continuing through or about June 22, 2023, in Los Angeles County, within the Central District of California, defendant KANDELARIA FLORES, also known as ("aka") "Kandielocs," aka "Kandy," knowingly used and maintained a place, that is, the Stash Location located at 5600 Wilshire Boulevard, Unit 434, Los Angeles, California, for the purpose of storing and distributing controlled substances, namely, N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance, and methamphetamine, a Schedule II controlled substance.

COUNT FIVE

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT FLORES]

On or about June 22, 2023, in Los Angeles County, within the Central District of California, defendant KANDELARIA FLORES, also known as ("aka") "Kandielocs," aka "Kandy," knowingly possessed a firearm, namely, a North American Arms .22 long caliber revolver, bearing serial number L260275, in furtherance of drug trafficking crimes, namely, Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), as charged in Count Two of this Indictment, Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(viii), as charged in Count Three of this Indictment, and Maintaining a Drug Involved Premises, in violation of Title 21, United States Code, Section 856(a)(1), as charged in Count Four of this Indictment.

COUNT SIX

[18 U.S.C. § 922(g)(1)]

[DEFENDANT FLORES]

On or about June 22, 2023, in Los Angeles County, within the Central District of California, defendant KANDELARIA FLORES, also known as ("aka") "Kandielocs," aka "Kandy," knowingly possessed a firearm, namely, a North American Arms .22 long caliber revolver, bearing serial number L260275, and ammunition, namely, five rounds of Cascade Cartridge Inc. .22 LR ammunition, each in and affecting interstate and foreign commerce.

Defendant FLORES possessed such firearm and ammunition knowing that she had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.  Possession of Narcotic Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court for the State of California, County of Los Angeles, Case Number LA066927, on or about January 20, 2011;

2.  Possession of Narcotic Controlled Substance, in violation of California Health and Safety Code Section 11350(a), in the Superior Court for the State of California, County of Los Angeles, Case Number BA377086, on or about January 21, 2011;

3.  Possession for Sale of Controlled Substance, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Los Angeles, Case Number GA086358, on or about July 19, 2012;

4.  Possession of Methamphetamine for Sale, in violation of California Health and Safety Code Section 11378, in the Superior

Court of the State of California, County of Los Angeles, Case Number GA092847, on or about September 29, 2014;

5. Possession for Sale of Controlled Substance, in violation of California Health and Safety Code Section 11351, in the Superior Court of the State of California, County of Los Angeles, Case Number GA092847, on or about September 29, 2014;

6. Access Card Theft, in violation of California Penal Code Section 484f(a), in the Superior Court of the State of California, County of Los Angeles, Case Number GA098282, on or about September 16, 2016;

7. Possession of Methamphetamine for Sale, in violation of California Health and Safety Code Section 11378, in the Superior Court of the State of California, County of Los Angeles, Case Number BA448887, on or about November 14, 2016; and

8. Unauthorized Use of Personal Identifying Information, in violation of California Penal Code Section 530.5(a), in the Superior Court of the State of California, County of Los Angeles, Case Number SA100865, on or about December 30, 2019.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

　　(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

　　(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

　　(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

　　(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located

upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in either of Counts Five or Six of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

 (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

 (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//

//

15

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

HAOXIAOHAN CAI
Assistant United States Attorney
Major Frauds Section